AURELIO RAMÍREZ, JR., Petitioner and Appellee, *v.* PENSION BOARD, ETC., Respondent and Appellant.

No. 6575. Argued April 1, 1935.—Decided April 5, 1935.

*Benjamin J. Horton, Attorney General,* and *T. Torres Pérez, Deputy Attorney General,* for appellant. *L. Tirado Géigel* and *Angel M. Villamil* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Aurelio Ramírez, Jr., who was an officer of the Insular Government for a period of 17 years, instituted a mandamus proceeding to compel the respondent board to grant him a pension for involuntary separation from office, and to obtain such other relief as might be proper. An alternative writ of mandamus was issued. The respondent board admitted the facts alleged in the petition and asked that the writ

issued be quashed on the ground that the petitioner had not established a case for relief. The lower court considered that, in accordance with the pleadings, the petitioner was entitled to the remedy sought and, inasmuch as there was no controversy as to the facts, which were admitted, it rendered the following judgment:

"The petition for mandamus is granted, and the Pension Board of the Insular Government of Puerto Rico, composed of the respondents Manuel V. Domenech, Charles H. Terry, Juan M. Herrero, and José G. López, is ordered to proceed to grant to the petitioner Aurelio Ramírez Jr. the corresponding life pension, to be effective from August 23, 1933, for involuntary separation from service as an officer of the Insular Government of Puerto Rico, in accordance with Act No. 104 of September 12, 1925; without special imposition of costs. The Clerk will issue the corresponding writ to be complied with by the respondent."

The respondent took an appeal from that judgment on December 5, 1933, and the petitioner now asks us to dismiss the appeal because, since the respondent board has recognized the right of the petitioner to the pension claimed and the judgment appealed from has been complied with, the appeal has become academic. In support of this contention the petitioner has presented pension certificate No. 422, issued by the respondent board, and a letter from the Vice-Chairman and Secretary of the said body, Mr. Charles H. Terry, transmitting the said certificate to the petitioner.

The Pension Board has filed a motion opposing the dismissal of the appeal. The grounds for the opposition are set forth in an affidavit signed by the Vice-Chairman and Secretary of the Board, Mr. Charles H. Terry, which in its pertinent part reads thus:

"That the appellant Board, feeling aggrieved by the judgment, appealed to this Hon. Court; pending the said appeal, the appellee again asked the Pension Board to reconsider his case, and the Pension Board, appellant herein, decided, at a meeting held on June 26, 1934, to grant the pension requested by the appellee conditionally, and accordingly the said appellee bound himself in writing not to

interrupt the appeal pending before this Hon. Court; on August 31, 1934, the pension was granted conditionally and a certificate to that effect was issued to him until November 30, 1934, on which date, because of the acts of the appellee contrary to the condition established upon granting him the pension, that is, because he requested the dismissal of this appeal and violated the condition imposed, payment of the conditional pension granted was immediately stopped and the same was revoked, in accordance with a resolution adopted by the appellant Board at a meeting held on January 9, 1935.

"That under these circumstances the appellant Board has not complied with the judgment from which this appeal was taken, nor will it comply therewith until this Hon. Court decides said appeal."

We copy below, in full, the pension certificate issued by the respondent board:

"No. 422.—THE PEOPLE OF PUERTO RICO.—(Seal of Puerto Rico) Pension Board of the Insular Government of Puerto Rico.—We hereby certify: That in accordance with Act No. 104 of the Legislature of Puerto Rico, approved on September 2, 1925, Aurelio Ramírez, Jr., who was employed as Clerk of the District Court of Humacao, in the Department of Justice, is entitled to a pension, which has been granted to him, with an annual income, for life, of $808.32, payable monthly, beginning on August 24, 1933. Given at the office of the Pension Board of the Insular Government, this 31st day of August, 1934.—(Sgd.) Manuel V. Domenech, Chairman.—Recorded, (Sgd.) C. H. Terry, Vice-Chairman and Secretary.—(Seal of the Board."

The letter addressed by Mr. Terry to the petitioner Aurelio Ramírez Jr. on August 31, 1934, is as follows:

"I have the honor to inform you that at a meeting of the Pension Board held on August 31, 1934, it was decided to grant you a pension for involuntary separation, effective from August 24, 1933.

"The amount of your pension is $808.32 annually, or $67.36 monthly.

"The pension certificate is enclosed.

"Please notify us of any change in your address.

"Yours truly, (sgd.) C. H. Terry, Vice-Chairman and Secretary, Pension Board."

The foregoing documents do not limit or condition the pension granted to the petitioner. They contain no word or concept suggesting the existence of a condition. The certificate issued in favor of the petitioner, as well as the letter from Mr. Terry, shows that the right to the pension was recognized unconditionally; but now it is attempted to prove with evidence *aliunde* that the petitioner bound himself to fulfill a condition, and because he failed to do so the pension granted to him was suspended and revoked. The truth is that the respondent board, upon granting the pension, acceded to the claim of the petitioner and complied with the judgment of the lower court in the mandamus proceeding. The order of the court was obeyed and from that moment the appeal taken from the judgment rendered was relegated to the category of an academic question. As to the agreement, if there was one, we doubt very much that it is valid, and that it could have the effect which the appellant claims. The petitioner either has or has not a right to the pension which he claims. If he is entitled to it, what is justly his should not be denied to him, and if he is not, the pension requested should not have been granted.

We cannot understand why the respondent board granted the pension on the condition that the petitioner should not interrupt the appeal pending in this court. It is the appellant who controls all of the proceedings necessary to perfect the appeal. If the appellant is active and diligent and prosecutes its appeal in accordance with the law and the rules of this court, we do not see why it need be concerned with what the appellee might do to interrupt the appeal, since any steps taken in that direction could have no success whatever. We do not think that the word "interrupt" has been used in the sense, and for the purpose, of preventing the appellee from discussing and controverting the questions raised by the appellant, because in that case we would have to hold that such is a practice which can not under any circumstances be accepted by this court.

In view of the documents presented by the petitioner, we are of the opinion that the appeal taken has become academic and should be dismissed.